UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| DAVID HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, DAVID HARRISON (Plaintiff), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. 1331* and also *15 U.S.C. 1692k(d)* (FDCPA), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in Edmond, Oklahoma County, Oklahoma.

5. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

6. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

8. Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Cheektowaga, New York.

10. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff originally arising from an account with Capital One Auto Finance, account number ending in 5888.

16. Plaintiff's alleged debt owed arises from transactions for personal, family, and household

2

purposes.

17. Within one (1) year preceding the date of this Complaint, Defendant began placing collection calls to Plaintiff at Plaintiff's home phone number at 405-475-9816.

18. Soon after calls began, Defendant would repeatedly and continuously call Plaintiff and leave voicemail messages on Plaintiff's answering machine.

19. On occasions when Defendant left voicemail messages, Defendant failed to disclose the identity of the caller or the purpose of the call, nor did Defendant state that the call was an attempt to collect a debt.

20. In addition to calling Plaintiff at home, Defendant would also repeatedly call Plaintiff's wife, who is not a co-debtor or co-signer on the alleged debt, on her cellular telephone.

21. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would garnish Plaintiff's wages.

22. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

23. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue garnishment.

24. The representations made to Plaintiff by Defendant regarding garnishment were false.

25. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that they would garnish Plaintiff's Veteran's Administration disability benefits.

26. Plaintiff's Veteran's Administration disability benefits and protected from garnishment.

27. Defendant cannot garnish Plaintiff's Veteran's Administration disability benefits.

28. The representations made to Plaintiff by Defendant regarding garnishment of Plaintiff's Veteran's Administration disability benefits were false.

29. To date, Defendant has not taken steps nor initiated legal proceedings towards garnishment of Plaintiff's wages.

30. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

31. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    c. Defendant violated *§1692d(6)* of the FDCPA through the placement of telephone calls without meaningful disclosure of the caller's identity;

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations in connection with the collection of a debt;

    e. Defendant violated *§1692e(4)* of the FDCPA through making the false representation or implication that nonpayment of any debt will result in the seizure, garnishment, or attachment of any property or wages of any person;

    f. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

    g. Defendant violated *§1692e(10)* of the FDCPA through the use of false representations or deceptive means to collect or to attempt to collect a debt or obtain information about Plaintiff; and

    h. Defendant violated *§1692e(11)* of the FDCPA through the failure to disclose in initial and/or subsequent communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained may be used for that purpose.

    i. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DAVID HARRISON, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

36. Actual damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

39. Any other relief that this Honorable Court deems appropriate.

DATED: June 5, 2013				RESPECTFULLY SUBMITTED,


				By: /s/ Michael S. Agruss
					Michael S. Agruss
					Agruss Law Firm, LLC
					22 W. Washington Street
					Suite 1500
					Chicago, IL 60602
					Tel: 312-224-4695
					Fax: 312-253-4451
					michael@agrusslawfirm.com
					Attorney for Plaintiff